Gerald M. Salcido (11956)
jerry@salcidolaw.com
Christopher J. Salcido (12225)
chris@salcidolaw.com
SALCIDO LAW FIRM PLLC
43 W 9000 S Ste B
Sandy UT 84070
801.413.1753 Phone
801.618.1380 Fax

Attorneys for Gretta Jensen

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRCT COURT OF UTAH
## NORTHERN DIVISION

---

| | |
|---|---|
| GRETTA JENSEN, <br><br> Plaintiff, <br><br> v. <br><br> JON JOUBERT; DAVID GILL; JORDAN BURNETT; BRETT SCOFFIELD; BOUNTIFUL CITY; all individuals being sued in their individual and official capacity <br><br> Defendants. | COMPLAINT <br><br> JURY DEMANDED <br><br><br> Civil Action No: _____ |

Plaintiff Gretta Jensen, by her undersigned attorneys of record alleges:

## **PARTIES**

1.      Plaintiff GRETTA JENSEN resides in North Salt Lake, UT. Plaintiffs was 64

years old at the time of the incidents described in this Complaint.

2.      Defendant JON JOUBERT was a corporal with the Bountiful City Police

Department at the time of the incidents described in this Complaint.

3.      Defendant DAVID GILL was an officer with the Bountiful City Police

Department at the time of the incidents described in this Complaint.

4.      Defendant JORDAN BURNETT was an officer with the Bountiful City Police

Department at the time of the incidents described in this Complaint.

5.      Defendant BRETT SCOFFIELD was an officer with the Bountiful City Police

Department at the time of the incidents described in this Complaint.

6.      Defendant BOUNTIFUL CITY operates the BOUNTIFUL CITY POLICE

DEPARTMENT (BCPD), a law enforcement agency, and is a municipality capable of being

sued under Utah law. The city is the legal entity responsible for the BCPD. Plaintiff bases all

applicable and appropriate claims as to Defendant Bountiful City and the BCPD on the doctrines

of respondeat superior or vicarious liability, and municipal liability pursuant to *Monell v. Dep't

of Soc. Services of New York*, 436 U.S. 658 (1978).

## STATEMENT OF CLAIMS

7.      Plaintiff seeks money damages and equitable relief from Defendants for violating

her constitutional rights, and injunctive relief to prevent injury to herself in the future.

8.      Plaintiff was the victim of excessive force, unlawful arrest, and malicious

prosecution by Defendant Jon Joubert, *et al*. in violation of the Fourth Amendment to the U.S.

Constitution.

9.      Plaintiff brings suit under 42 U.S.C. § 1983.

## JURISDICTION

10.     The Court has jurisdiction of this action under 42 U.S.C. § 1983 as the

Defendants acted under color of state law, and caused Plaintiff, as a citizen of the United States

2

to be subjected to the deprivation of rights, privileges, and immunities secured by the

Constitution and laws of the United States.

11.     This Court has jurisdiction pursuant to 28 U.S.C § 1331 as this is case is a civil

action arising under the Constitution of the United States, as permitted through 42 U.S.C § 1983

and the application of the United States Constitution to the states and their subdivisions through

the Fourteenth Amendment to the United States Constitution.

## VENUE

12.     Venue is proper in this Court pursuant to 28 U.S.C § 1331(b) as all defendants

reside in the district of Utah and a substantial part of the events or omissions give rise the claims

in the Complaint occurred in the judicial district of Utah.

## GENERAL ALLEGATIONS

13.     On December 11, 2020, at around 3:49 p.m., Bountiful City police officer

Corporal Jon Joubert was dispatched to 208 E 650 N Bountiful UT on a report of "disorderly

conduct."

14.     Corporal Joubert arrived on scene with his body camera turned on and recording.

15.     On site was Plaintiff Gretta Jensen who was standing on the side of her ex-

husband's (Monte Jensen) vehicle apparently talking to him through the window.

16.     Corporal Joubert notified Ms. Jensen that he had received a report that there "was

a disturbance here."

17.     Ms. Jensen responded that there was no disturbance, and she was merely having a

conversation with Mr. Jensen.

18.     Mr. Jensen notified Corporal Joubert that he was going inside his home and that Ms. Jensen was leaving.

19.     Corporal Joubert asked Mr. Jensen if he was "okay" to which he responded in the affirmative.

20.     Mr. Jensen went inside his house.

21.     Ms. Jensen attempted to leave, but Corporal Joubert told her to remain so he could question her.

22.     Ms. Jensen told Corporal Joubert there was no problem, she was doing nothing wrong, and she wanted to leave.

23.     Ms. Jensen attempted to leave but Corporal Joubert told her he needed her to "stay here" because he was "investigating a potential crime."

24.     Ms. Jensen again told him she had done nothing wrong.

25.     Corporal Joubert notified Ms. Jensen of what information he received, and Ms. Jensen responded again that the information he received was incorrect and she had done nothing other than talk in the driveway with her ex-husband and brought him some mail.

26.     Corporal Joubert then suggested that Ms. Jensen and her ex-husband were in a "domestic violence…possible issue" although no probable cause existed for such an accusation.

27.     Ms. Jensen again attempted to leave, at which point Corporal Joubert commanded her to "Stop. stop, you're under arrest."

28.     Corporal Joubert placed her under arrest. He twisted her arm behind her back and shoved her against a concrete brick wall, at which point Ms. Jensen repeatedly told him "I didn't do nothing sir" and to "please stop" and to "not make this something it's not."

4

29.     Corporal Joubert ordered her to place her hand behind her back, but Ms. Jensen stated she had done nothing wrong and refused to comply.

30.     Corporal Joubert then forced her to the ground on the concrete carport shoving her head into the concrete driveway. Ms. Jensen responded in pain "Ow, you hit my head. Please stop. I'm not doing nothing wrong."

31.     Corporal Joubert then slammed her head two more times into the concrete driveway.

32.     This visibly stunned Ms. Jensen, making her unable to respond for a few seconds.

33.     After partially regaining her senses, Ms. Jensen again attempted to tell Corporal Joubert that she had done nothing wrong, but he punched her in the face.

34.     Ms. Jensen screamed "Ow, ow, ow, that hurt. He's hit me, he's hit me, he's hit me, he's hit me in the face…I didn't do nothing."

35.     At that point Officers David Gill and Jordan Burnett arrived on the scene.

36.     Both Officers Gill and Burnett held down Ms. Jensen and assisted with placing Ms. Jensen in handcuffs.

37.     Ms. Jensen then immediately yelled to "get the medical here…right now." She also continued to convey her innocence and having done nothing wrong. She also stated "this ain't right."

38.     Officer Gill saw Ms. Jensen turn her head and spit blood and saliva. She reported her jaw hurt and Officer Gill requested dispatch to deploy medical personnel.

39.     Ms. Jensen remained in handcuffs in the back of a police car while awaiting medical personnel.

40.     Medical personnel cleared Ms. Jensen for transport by law enforcement to the hospital.

41.     Ms. Jensen was evaluated at Lakeview Hospital where she received a CT scan and was found to have a nondisplaced mandibular ramus fracture (fractured jaw). A laceration on her inner cheek was also sutured.

42.     Ms. Jensen was then taken to the Davis County Jail by Officer Brett Scoffield where she was booked and released several hours later.

43.     While at the jail she was in significant amounts of physical pain from her broken jaw and other injuries.

44.     She requested pain medication from jail staff but was denied causing her to remain waiting in severe pain.

45.     The next day, December 12, 2020, after being released from jail, Ms. Jensen reported back to Lakeview Hospital as she had continued to suffer in pain from the previous day's assault by Corporal Joubert and the other officers.

46.     She was again evaluated by healthcare professionals at Lakeview Hospital.

47.     The clinical impressions included facial trauma, bilateral shoulder injury, elbow injury, head injury, mandible fracture, and neck injury.

48.     Ms. Jensen was referred to an Oral and Maxillofacial surgeon, Dr. Michael Broadbent, to have her broken jaw treated.

49.     Dr. Broadbent performed x-rays on her jaw and found that she suffered from a left subcondylar fracture with mild displacement near the sigmoid node.

50.     Dr. Broadbent then discussed the possibility that surgery would be needed to close Ms. Jensen's bite.

51.     After several follow-ups with Dr. Broadbent over approximately a ten-day period, Dr. Broadbent notified Ms. Jensen that wiring her jaw shut would not significantly improve her bite. Ms. Jensen, therefore, opted out of surgery.

52.     Ms. Jensen had several more follow-ups over the course of several months.

53.     In March of 2021 it was found that the left side of her jaw was hitting when biting, but not the right side. It continues to do so to this day.

54.     Subsequently – and as if to add insult to injury – Ms. Jensen was charged with one count of Interfering with an Arresting Officer and one count of Disorderly Conduct on December 13, 2021.

55.     Ms. Jensen was forced to hire an attorney for her defense.

56.     At Ms. Jensen's first hearing, on January 12, 2021, Bountiful City moved to dismiss the criminal charges.

57.     The order of dismissal was signed and filed on January 15, 2021.

## FIRST CAUSE OF ACTION

(*Unlawful Arrest and Detention under 42 U.S.C. 1983 and the Fourth Amendment of the United States Constitution as against Defendant Jon Joubert*)

58.     Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

59.     Corporal Joubert, while on duty as a Bountiful City police officer, physically restrained and arrested Ms. Jensen, thus acting under color of state law.

60.     Corporal Joubert did not have a warrant to arrest Ms. Jensen.

61.     Corporal Joubert detained Ms. Jensen despite there being no probable cause that Ms. Jensen had committed any crime.

62.     Corporal Joubert's actions were based on the practices and customs of the BCPD.

63.     Ms. Jensen enjoyed the right to be free from unreasonable searches and seizures.

64.     As a result of Corporal Joubert's unlawful search and seizure, he caused a violation of Ms. Jensen's constitutional rights.

65.     Corporal Joubert intentionally and with malice violated Ms. Jensen's federally protected rights in violation of 42 U.S.C. § 1983.

66.     As a result of Corporal Joubert's actions, Ms. Jensen spent time in the Davis County Jail and suffered poor treatment there.

67.     As a result of Corporal Joubert's actions, Ms. Jensen was damaged and entitled to recover general, compensatory, actual, consequential, and punitive damages in an amount of no less than $1,000,000.

## SECOND CAUSE OF ACTION

*(Use of Excessive Force under 42 U.S.C. 1983 and the Fourth Amendment of the United States Constitution as against Defendant Jon Joubert)*

68.     Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

69.     Corporal Joubert physically restrained and arrested Ms. Jensen as an authorized agent of Bountiful City and the BCPD, thus acting under color of state law.

70.     Corporal Joubert twisted Ms. Jensen's arm behind her back.

71.     Corporal Joubert slammed Ms. Jensen's into a concrete drive-way three separate times.

72.     Corporal Joubert punched Ms. Jensen in the face.

73.     Corporal Joubert's assaults on Ms. Jensen caused her severe physical pain including a broken jaw, facial trauma, bilateral shoulder injury, elbow injury, head injury, neck injury, and other physical pain and suffering.

74.      Corporal Joubert exceeded the degree of force which a reasonable and prudent law enforcement officer would have applied in making the detention or arrest under the same circumstances.

75.     There was no probable cause that Ms. Jensen had committed any crime.

76.     The allegations against Ms. Jensen were not severe.

77.     Ms. Jensen posed no threat, immediate or otherwise, to Corporal Joubert.

78.     Corporal Joubert's actions were objectively unreasonable and excessively violent.

79.     Corporal Joubert's actions were consistent with the practices and customs of the BCPD, which is why he felt such actions could be taken.

80.     As a result of Corporal Joubert's actions, Ms. Jensen was damaged and entitled to recover general, compensatory, actual, consequential, and punitive damages in an amount of no less than $1,000,000.

81.     Plaintiff is also entitled to attorney's fees, costs, and expert witness fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

//

//

## THIRD CAUSE OF ACTION

*(Unlawful Arrest and Detention under 42 U.S.C. 1983 and the Fourth Amendment of the United States Constitution as against Defendants David Gill, Jordan Burnett, and Brett Scoffield)*

82.     Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

83.     Officers Gill, Burnett, and Scoffield while on duty as a Bountiful City police officers, physically restrained and arrested Ms. Jensen, thus acting under color of state law.

84.     Officers Officers Gill, Burnett, and Scoffield did not have a warrant to arrest Ms. Jensen.

85.     Officers Officers Gill, Burnett, and Scoffield detained Ms. Jensen despite there being no probable cause that Ms. Jensen had committed any crime.

86.     Officers Gill's, Burnett's, and Scoffield's actions were based on the practices and customs of the BCPD.

87.     Ms. Jensen enjoyed the right to be free from unreasonable searches and seizures.

88.     As a result of Officers Gill's, Burnett's, and Scoffield's unlawful search and seizure, they caused a violation of Ms. Jensen's constitutional rights.

89.     Officers Gill, Burnett, and Scoffield intentionally and with malice violated Ms. Jensen's federally protected rights in violation of 42 U.S.C. § 1983.

90.     As a result of Officers Gill's, Burnett's, and Scoffield's actions, Ms. Jensen spent time in the Davis County Jail and suffered poor treatment there.

91.     As a result of Officers Gill's, Burnett's, and Scoffield's actions, Ms. Jensen was

damaged and entitled to recover general, compensatory, actual, consequential, and punitive

damages in an amount of no less than $1,000,000.

## FOURTH CAUSE OF ACTION

(*Malicious Prosecution under 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments of the United States Constitution as against All Defendants*)

92.     Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though

fully set forth herein.

93.     Corporal Joubert and Officers Gill, Burnett, and Scoffield, acting as agents of

Bountiful City and BCPD, and under color of state law, arrested and booked Ms. Jensen into jail

charging her with Interfering with an Arresting Officer and Disorderly Conduct, thus

commencing a criminal proceeding against Ms. Jensen.

94.     The charges against Ms. Jensen were dismissed resulting in a termination of the

action in favor Ms. Jensen because she had committed no crime.

95.     The criminal proceeding and confinement of Ms. Jensen was initiated maliciously

because there was no evidence to support Ms. Jensen's detention.

96.     As a result of Defendants' actions, Ms. Jensen spent time in the Davis County Jail

and suffered poor treatment there.

97.     As a result of Defendants' actions, Ms. Jensen was damaged and entitled to

recover general, compensatory, actual, consequential, and punitive damages in an amount of no

less than $1,000,000.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1.      For an award of general, compensatory, actual, and consequential damages in an amount of no less than one million dollars.

2.      For an award of attorneys' fees, and expert fees and costs of suit pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure.

3.      For punitive damages.

4.      For such other relief as the court deems just, equitable, and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this matter on all triable issues.


DATED November 30, 2021.

                                        SALCIDO FIRM PLLC

                                        /s/ Gerald M. Salcido_____
                                        Attorneys for Defendant

12